UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARCEL BILLUPS,             :
                           :
     Plaintiff,            :
                           :
v.                         :      Case No. 3:12-cv-1201 (RNC)
                           :
VANESSA ALVAREZ, et al.,   :
                           :
     Defendants.           :

RULING AND ORDER

Plaintiff Darcel Billups brings this action under 42 U.S.C. § 1983 against Vanessa Alvarez and Duane Dyer, supervisors at the Connecticut Department of Developmental Services ("DDS"), in their individual capacities.  Plaintiff claims that during her employment at DDS, defendants deprived her of procedural and substantive due process by transferring her to a different unit in violation of a Stipulated Agreement she had entered into with the agency.  Defendants have moved for summary judgment on both claims.  For reasons that follow, the motion is granted.

I.  Background

The parties' submissions show the following.  Plaintiff began her employment with DDS in 1986.  In May 2012, plaintiff was working in the position of "Developmental Services Worker 2" at the Ella Grasso Regional Center ("the Center"), a residential facility for developmentally disabled adults.[1]  The Center is

_____

[1] As the parties explain, developmentally disabled residents under the care of DDS are referred to as "clients."

1

comprised of several different units.  Plaintiff was assigned to Unit E.  Defendant Alvarez was responsible for overseeing the Center's operations.  Defendant Dyer was the Residential Program Supervisor for Units B and E and reported to Ms. Alvarez.

On May 13, 2012, plaintiff was dismissed from her employment following an investigation of a client's allegation that plaintiff hit her.  The client who made the allegation against plaintiff resided in Unit E.  Pursuant to the collective bargaining agreement between the state and plaintiff's union, plaintiff filed a grievance challenging her dismissal.

On July 31, 2012, plaintiff, the union, the state, and DDS entered into a Stipulated Agreement resolving plaintiff's grievance and rescinding her dismissal.  Paragraph 1 of the Agreement provides: "The dismissal of Ms. Billups from state service, effective close of business on May 13, 2012, is hereby rescinded.  Ms. Billups shall be returned to her position, shift, and work location as a Developmental Services Worker 2 for the Department of Developmental Services.  Ms. Billups shall report for duty August 10, 2012."  Defs.' Mot. Summ. J., Ex. D (ECF No. 45-8) at 1.

On August 9, 2012, the same client in Unit E who had made the allegation that plaintiff hit her filed a request for a Programmatic Administrative Review ("PAR").  In the request, the client reasserted her prior allegation against plaintiff and

expressed fear for her safety based on plaintiff's expected return to Unit E.  Under agency policy and procedure, clients in DDS facilities can request a PAR to raise concerns or complaints regarding issues affecting their care, and a PAR is conducted by the DDS Regional Director.  In light of the PAR request filed regarding plaintiff, Alvarez was advised by the DDS Human Resources Department that plaintiff should be temporarily transferred out of Unit E pending the outcome of the PAR process.

On August 10, 2012, plaintiff returned to work at the Center.  During a meeting with Alvarez, plaintiff was informed that she would be temporarily transferred because of the PAR request that had been filed by the client in Unit E.  Plaintiff was transferred to Unit B effective that day.  After Alvarez advised Dyer that plaintiff was to be transferred, Dyer sent an email to the supervisors and charges under his command regarding the transfer.  Plaintiff has not filed a grievance challenging her transfer.

II.  Discussion

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  To avoid summary judgment, the non-moving party must point to evidence that would permit a jury to return a verdict in his or her favor.  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 252 (1986).  In determining whether that standard is met, the evidence must be viewed in the light most favorable to the non-moving party.  Id. at 255.

Defendants argue that they are entitled to summary judgment because plaintiff has failed to raise a triable issue of fact regarding either of her due process claims.  I agree that plaintiff has not presented evidence that would allow a reasonable jury to find that her due process rights have been violated and therefore grant summary judgment in favor of defendants on both the procedural due process and the substantive due process claims.[2]

A.   Procedural Due Process

To prevail on a procedural due process claim under the Fourteenth Amendment, plaintiff must identify a property interest that is protected by the Constitution.  See O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005).  Property interests are defined not by the Constitution, but by some other independent source of law.  Id.  Once a property interest has been identified, federal law determines whether that particular interest is protected by the Fourteenth Amendment.  Id.; see also Fletcher v. City of New Haven, No. 3:11-CV-00708-AWT, 2012 WL 1032967, at *2 (D. Conn.

---

[2] Defendants also assert that they are entitled to summary judgment on the basis of qualified immunity.  Because the record does not support a finding that any constitutional violations occurred, there is no need to address the issue of qualified immunity.

4

Mar. 27, 2012).

Plaintiff alleges that the relevant property interest is her right to work in Unit E, as set forth in the Stipulated Agreement that resolved her grievance.  The parties dispute whether the provision in the Stipulated Agreement that plaintiff will "be returned to her position, shift, and work location" guaranteed that plaintiff would be assigned to Unit E.  Even assuming plaintiff's interpretation is correct, her contractual right to work in Unit E is not protected by the Constitution.  As the Second Circuit has explained, "not every contractual benefit rises to the level of a constitutionally protected property interest." Arteta v. Cty. of Orange, 141 F. App'x 3, 7 (2d Cir. 2005) (quoting Ezekwo v. N.Y. City Health & Hosps. Corp., 940 F.2d 775, 782 (2d Cir. 1991)).  This principle "avoid[s] convert[ing] any personnel decision made by a public employer into a constitutional case." Lynch v. McNamara, 342 F. Supp. 2d 59, 66 (D. Conn. 2004).  Although case law in this Circuit recognizes a limited number of constitutionally protected property rights in employment-related interests, courts have "widely held" that reassignments and transfers, without an accompanying loss in pay, do not implicate a protected property interest. Gugliotti v. Miron, No. 3:08-CV-442 (JCH), 2010 WL 3025223, at *13 (D. Conn. July 30, 2010) (citing Lynch, 342 F. Supp. 2d at 65-66); see also Ostrowsky v. Dep't of Educ. of NYC,

No. 12-CV-2439 RRM JO, 2013 WL 5963137, at *6 (E.D.N.Y. Nov. 7, 2013) ("[A]n involuntary transfer does not implicate a property interest where, as here, it involves no loss of pay or employment."); Guan N. v. NYC Dep't of Educ., No. 11 CIV. 4299 AJN, 2013 WL 67604, at *14 (S.D.N.Y. Jan. 7, 2013) (dismissing procedural due process claim based on reassignment because plaintiff continued to be employed and did not allege that her compensation had been reduced); Barnes v. Pilgrim Psychiatric Ctr., 860 F. Supp. 2d 194, 204 (E.D.N.Y. 2012) (holding that employee's reassignment did not deprive her of constitutionally protected property right because plaintiff retained full salary and benefits while reassigned).  In addition, due process protection does not extend to promotions except in unusual circumstances.  Fletcher, 2012 WL 1032967, at *3.

Under this precedent, plaintiff has not raised a genuine issue of material fact as to her procedural due process claim. Even if the record supports findings in plaintiff's favor regarding the facts that plaintiff argues are in dispute - that plaintiff's transfer to Unit B was permanent, that the working conditions in Unit B were significantly worse than in Unit E, and that the transfer prevented plaintiff from pursuing promotional opportunities - no jury could conclude that plaintiff has been deprived of a constitutionally protected property right.[3]

_____

[3] Defendants contend that the Court should not consider these allegations because they were raised for the first time in

Plaintiff does not contend that her salary or benefits were reduced when she was transferred, or that any special circumstances created a protected interest in a promotion.  She states that the transfer imposed "significant adverse effects" in the form of more difficult working conditions and denial of certain advancement opportunities.  Pl.'s Opp'n Summ. J. (ECF No. 46) at 6.  Such adverse effects, unaccompanied by pecuniary loss, do not provide a basis for finding that plaintiff had a constitutionally protected interest in her assignment to Unit E.

    B.  <u>Substantive Due Process</u>

The substantive due process component of the Fourteenth Amendment does not include a right "to be free from arbitrary government action as such," but rather protects an individual's right "to be free of arbitrary government action that infringes a protected right."  <u>O'Connor</u>, 426 F.3d at 200 n.6.  The law of this Circuit does not recognize a fundamental interest in public employment that is protected by substantive due process. <u>Mathirampuzha v. Potter</u>, No. CIV. 3:08CV682 JBA, 2010 WL 55061, at *9 (D. Conn. Jan. 4, 2010), <u>aff'd</u>, 423 F. App'x 108 (2d Cir. 2011).  Plaintiff therefore has not identified a constitutionally protected right that has been infringed by defendants.

Moreover, to establish a substantive due process violation,

_____

opposition to summary judgment and because the evidence supporting these claims consists only of plaintiff's affidavit. However, even accepting these facts as true, plaintiff's claim cannot survive summary judgment for the reasons described above.

plaintiff must show that defendants acted in a way that "shocks the conscience," or, as relevant here, with the intent to injure, spite, or oppress the plaintiff.  O'Connor, 426 F.3d at 203-04. The record does not support a reasonable inference that defendants acted with any such culpable intent when they transferred plaintiff to Unit B.  It is undisputed that defendants acted on the advice of the DDS Human Resources Department, which was based on the PAR request filed by the client in Unit E.  The substantive due process claim therefore fails to raise a triable issue.  See Licitra v. Fletcher-DeNovellis, No. 3:09CV685 JBA, 2012 WL 711304, at *5 (D. Conn. Mar. 5, 2012) (granting summary judgment on substantive due process claim when plaintiff had not produced evidence that indicated "any improper motive or arbitrary action" regarding defendant's conduct); Mathirampuzha, 2010 WL 55061, at *9 (holding that plaintiff's termination "hardly shocks the conscience" because employer had provided "legitimate reason" for the termination and was following "protocol").[4]

III. Conclusion

Accordingly, defendants' motion for summary judgment [ECF No. 45] is hereby granted.  The Clerk may enter judgment in favor

---

[4] To the extent plaintiff may have attempted to assert a claim based on the email defendant Dyer sent regarding plaintiff's transfer, the claim is not considered because it does not appear in the complaint and is not meaningfully advanced in plaintiff's opposition papers.

of the defendants dismissing the action.

So ordered this 31st day of March 2016.


                                    /s/ RNC
                               _____
                               Robert N. Chatigny
                               United States District Judge